MATTER OF BOCRIS

In Visa Petition Proceedings

NYC-N-29669

*Decided by Regional Commissioner June 26, 1970*

An alien beneficiary who, immediately preceding the filing of the visa petition, has been employed for more than one year abroad as an executive of the petitioner's French affiliate, and whose transfer to the United States is being sought for employment as an executive on a temporary basis, is eligible for classification as a nonimmigrant intra-company transferee under section 101(a)(15)(L) of the Immigration and Nationality Act, as amended, notwithstanding he is the beneficiary of an approved sixth preference visa petition.

ON BEHALF OF PETITIONER:    Elmer Fried, Esquire
                            515 Madison Avenue
                            New York, New York 10022

This matter is before the Regional Commissioner on appeal from the denial of the petition to classify the beneficiary as a nonimmigrant intra-company transferee under section 101(a)(15)(L) of the Immigration and Nationality Act, as amended. Although oral argument was requested in this case, in view of the decision which follows, the grant of such privilege will not be necessary.

The petitioning firm, which is engaged in worldwide marketing and manufacture of consumer and industrial products, seeks to transfer the beneficiary to its New York office to assume the position of Manager of Marketing for Far Eastern Operations. In such capacity, he will be responsible for the profitable operation of the concern's marketing organizations in approximately ten foreign countries. The petition reflects that the position is permanent and pays $385 per 35-hour-week. The alien is a 41-year-old native and citizen of France who presently resides in that country. He has been employed by the petitioner's affiliate concern in France since October 1, 1951 and is currently the Regional Marketing Manager for the company's Industrial Products Group. He is the beneficiary of an approved visa petition filed by the petitioning concern on February 18, 1970 to accord him preference

immigrant status as a marketing executive under section 203 (a) (6) of the Act, as amended.

The District Director denied the instant petition on the ground that the petitioning firm seeks the services of the beneficiary on a permanent basis and, therefore, the latter cannot be regarded as coming to the United States temporarily for the purpose of classification under section 101 (a) (15) (L) of the Act. On appeal, the petitioner has asserted in pertinent part:

In Item No. 7 on our petition form, we put in the word "permanent" as the 'period required to completed services or training". This was done, actually, to conform the "L" petition to the 6th preference petition previously submitted by us (File No. A18 694 173). Ironically, we had originally filed a 6th preference petition for Mr. Bocris only because under the law existing at that time there was no "L" petition; and we had been informed that even though Mr. Bocris might not be coming to fill our position permanently, the law required us to proceed via 6th preference petition, since the position itself was not of a "temporary" nature (and thus did not come within Section 101 (a) (15) (H) of the Immigration and Nationality Act). Our firm structure is, in fact, a somewhat mobile one with respect to talented managerial and executive employees, and it would surprise us if Mr. Bocris were still after four years only the Manager of Marketing for our Far Eastern operations.

The petitioner has further stated that the alien's previous experience has been national, rather than international in scope; that he is being brought to the United States for orientation with regard to the firm's international operations, particularly their Far Eastern market; that it is anticipated such orientation program would take approximately six months.

The entire record in this case has been very carefully considered in the light of the representations made on appeal. Section 101 (a) (15) of the Immigration and Nationality Act, as amended by Public Law 91–225 dated April 7, 1970, provides in part for the following additional nonimmigrant category:

(L) an alien who, immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge, and the alien spouse and minor children of any such alien if accompanying him or following to join him.

The legislative history of such amendment discloses that the above provision was intended to help eliminate problems faced by American companies having offices abroad in transferring key personnel freely within the organization; that, previously, international executives coming for temporary assignments have been

forced to apply for immigrant visas and qualify as permanent resident aliens; that the class of persons eligible for such nonimmigrant visas has been narrowly drawn and it is anticipated that their number will not be very large; that the stay under an "L" visa should not exceed three years, although bona fide requests for extension beyond such time as well as applications for adjustment for permanent residence would be considered. (House Report (Committee on the Judiciary), No. 91–351, February 24, 1970 (To accompany S.2593)).

In the matter at hand, it has been satisfactorily established that the beneficiary immediately preceding the filing of this petition has been employed for more than one year abroad as an executive of the petitioner's French affiliate, whose transfer to the United States is being sought, for employment as an executive, on a temporary basis. We find, therefore, that he meets the requirements for classification as an intra-company transferee under section 101(a)(15)(L) of the Immigration and Nationality Act, as amended. Accordingly, this appeal will be sustained.

*It is ordered* that the decision of the District Director be reversed and that the petition be approved.